**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DONNELL RICHMOND,**

       **Petitioner,**

**v.**                                                           **Civil Action No. 2:10cv95**

**MR. BARLOW, Warden,**

       **Respondent.**

## ORDER

On January 6, 2011, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R") (Doc. 36), wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Petitioner filed his objections on January 11, 2011 (Doc. 39).

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the petitioner's Application for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, wherein petitioner challenges forfeiture of street time when his parole was revoked, and the respondent's Motion to Dismiss or for Summary Judgment, were thoroughly considered by Magistrate Judge Joel in his R&R. The Magistrate Judge has recommended dismissal of the petition as the petitioner has failed to exhaust his administrative remedies and further, the petitioner's argument that he is entitled to street credit fails regardless. Upon review of the petitioner's objections, this Court finds that the petitioner has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R&R.

More particularly, it appears that in his objections, the petitioner argues that he completed the service of his twenty-year sentence on March 28, 2004, and further, that the requirement to exhaust his administrative remedies should therefore not apply. Petitioner's argument that he should have been released on March 28, 2004, revolves around the issue of revocation of his street time. The Magistrate Judge, in his R&R, very carefully and thoroughly tracked the legal progression of whether street time credit could be revoked, and ultimately found that the United States Court of Appeals for the District of Columbia certified this question of law to the District of Columbia Court of Appeals, which held that the rule mandating forfeiture of street time remained in effect. ***United States Parole Comm'n v. Noble***, 693 A.2d 1084, 1085 (D.C. 1997), 711 A.2d 85 (D.C. 1998) (*en banc*). This Court has also very carefully reviewed the issue, and as very thoroughly set forth in the R&R, also finds that the U.S. Parole Commission correctly revoked the petitioner's street time, thus leaving him legally incarcerated beyond March 28, 2004. As petitioner is legally incarcerated, the U.S. Parole Commission has jurisdiction to review the petitioner's claims administratively. Accordingly, the petitioner has failed to exhaust his administrative remedies, thus mandating the dismissal of this matter from this Court. Petitioner's objections are overruled.

Moreover, this Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 36) is hereby **ADOPTED**. Accordingly, it is

**ORDERED** that respondent's Motion to Dismiss or for Summary Judgment (Doc. 19) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the petitioner's § 2241 petition (Doc. 1) shall be, and the same hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Clerk shall enter judgment for the Respondent. It is further

**ORDERED** that petitioner's Motion for Recompense (Doc. 17) shall be, and the same hereby is, **DENIED AS MOOT**. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, if a party should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED**: February 9, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE